Filed 7/18/22 P. v. Cosey CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CURT LARON COSEY, JR.,<br><br>    Defendant and Appellant. | H049330<br>(Santa Clara County<br>Super. Ct. No. C1807827) |

**MEMORANDUM OPINION**[1]

Pursuant to a plea agreement, defendant Curt Laron Cosey, Jr., pleaded no contest to six of the thirteen sexual assault counts alleged against him (count 1, Penal Code, § 286, subd. (c)[2]; count 3, § 289, subd. (a)(1); count 4, § 245, subd. (a)(1); and counts 10, 11, and 12, § 261, subd. (a)(2)). The parties agreed that the remaining counts and the enhancements alleged would be dismissed at sentencing. At sentencing, the parties agreed to dismiss an additional count. The minute order from the sentencing hearing as well as the abstract of judgment state that the trial court dismissed these counts and enhancements as agreed, but the transcript from the sentencing hearing reflects that the

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.) The facts of the offense are immaterial to this appeal.

[2] Further undesignated statutory references are to the Penal Code.

court did not do so orally. The court also imposed a $300 sex offender fine under section 290.3, plus penalty assessments totaling $930.

On appeal, Cosey raises three arguments, and the Attorney General concedes each of them.

Cosey first contends that his case should be remanded with direction to orally dismiss the counts and enhancements on the record as agreed. When there is a discrepancy between the oral record and the minute order or abstract of judgment, the oral record controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Because the trial court's oral pronouncement of sentence does not conform to the negotiated disposition, minute order or abstract, we will reverse the judgment and remand with direction to correct the oral pronouncement of judgment.

Cosey next argues that this court should remand his case with direction to specify the amount and statutory basis for each penalty assessment imposed by the trial court. Because the trial court's failure to specify the amount and statutory basis for each penalty assessment constituted error, we will also direct the trial court to correct this error on remand. (*People v. Hartley* (2016) 248 Cal.App.4th 620, 636-637.)

Finally, Cosey contends that there are clerical errors in the abstract of judgment. Except for count 10, the "year crime committed" listed in the abstract of judgment for each of Cosey's convictions is incorrect. The abstract of judgment lists the "year crime committed" for counts 1, 11 and 12 as 2011, and it lists count 3 as 2010. The "year crime committed" for counts 1 and 3 should be 2018, for count 11 it should be 2010, and for count 12 it should be 2009. Appellate courts have the inherent power to correct clerical errors in the abstract of judgment. (*People v. Jones* (2012) 54 Cal.4th 1, 89.) On remand, we will direct the trial court to correct the abstract of judgment to reflect the correct "year crime committed."

2

**DISPOSITION**

The judgment is reversed. The matter is remanded and the trial court is directed to (1) correct the oral pronouncement of judgment and dismiss counts 2, 4, 5, 6, 7, 8, 9, and 13 as well as the enhancements pursuant to the parties' plea agreement; (2) specify the amount and statutory basis for each penalty assessment imposed; and (3) correct the abstract of judgment to correctly list the "year crime committed" as 2018 for counts 1 and 3, 2010 for count 11, and 2009 for count 12.

_____

Greenwood, P. J.

WE CONCUR:

_____

Grover, J.

_____

Danner, J.

People v. Cosey
No. H049330